# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TAMEIKA RAQUEL CLARK, | Case No. 18-CV-2977 (JRT/KMM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

Petitioner Tameika Raquel Clark pleaded guilty in the United States District Court for the Southern District of Georgia to wire fraud, aggravated identity theft, and possession of an unauthorized access device and was sentenced to a total of 100 months' imprisonment. *See United States v. Clark*, No. 6:13-CR-0013 (S.D. Ga.). In her plea agreement, Ms. Clark "entirely waive[d] her right to a direct appeal of her conviction and sentence," with limited exceptions. Despite that waiver, Ms. Clark (through her attorney) filed a notice of appeal after judgment was entered. That appeal, however, was dismissed for want of prosecution. Ms. Clark is now incarcerated at the Federal Correctional Institution at Waseca, Minnesota.

In October 2018, Ms. Clark filed a petition for a writ of habeas corpus in this District. The basis upon which she sought relief was at first unclear, but Ms. Clark later specified that she was alleging that her attorney was constitutionally defective for failing to file a notice of appeal. *See* ECF No. 3 at 2. Ms. Clark stated that she anticipated a

1

ruling favorable to her claim in the Supreme Court's then-pending case of *Garza v. Idaho*, 139 S. Ct. 738 (2019).

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

There is no reason to believe that § 2255 is "inadequate or ineffective" for Ms. Clark to raise her claim pursuant to *Garza*. Ms. Clark has never before sought relief pursuant to § 2255, and thus a motion brought under that provision would not be subject to the restrictions on second-or-successive § 2255 motions. *See* 28 U.S.C. § 2255(h). Although Ms. Clark waived her right to collaterally attack her conviction and sentence in her plea agreement, that waiver does not necessarily preclude all attacks brought under § 2255, *see Vaca-Ortiz v. United States*, 320 F. Supp. 2d 1362, 1366 (N.D. Ga. 2004)

2

(noting that "a defendant can never waive the right to later argue that the very agreement containing the waiver was procured under circumstances where he was receiving ineffective assistance of counsel"), and *Garza* at a minimum suggests that collateral-attack waivers, like appeal waivers, cannot prevent a defendant from prosecuting a claim that counsel was ineffective for having failed to file a notice of appeal.[1] To the extent that Ms. Clark in fact relies upon a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," her claim would not be barred by the relevant statute of limitations. 28 U.S.C. § 2255(f)(3). Simply put, nothing is now preventing Ms. Clark from pressing a *Garza* claim pursuant to § 2255, rather than in a habeas petition.

Because § 2255 is not inadequate or ineffective for Ms. Clark to raise her claim, this Court lacks jurisdiction over the petition. *See DeSimone*, 805 F.2d at 323. "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought . . . ." 28 U.S.C. § 1631. Ms. Clark presents her claim as a straightforward application of *Garza*: her attorney refused to file a notice of appeal (she alleges), despite her instructions to do so, and therefore failed to fulfill his constitutional duties. This is not strictly accurate; Ms. Clark's attorney *did* file a notice of appeal in her case,

---

[1] If Ms. Clark's collateral-attack waiver *did* prevent her from raising her claim under § 2255, a habeas petition would not be an effective solution. The collateral-attack waiver in Ms. Clark's plea agreement precludes attacks "by any method," not only attacks brought via § 2255 motion.

3

notwithstanding the waiver in the plea agreement. That appeal, though, was dismissed for want of prosecution after Ms. Clark, or her attorney, failed to fulfill certain ministerial tasks. *See United States v. Clark*, No. 14-13451 (11th Cir. Nov. 10, 2014). A claim that Ms. Clark's attorney was therefore ineffective in the constitutional sense is not frivolous following *Garza*, and thus this Court concludes that it would be in the interests of justice to transfer this petition to the Southern District of Georgia for further consideration as a motion under § 2255.

Ms. Clark is warned, though, that should this matter be transferred as recommended, any subsequent § 2255 motion she might file will be subject to the restrictions placed on "second or successive" motions. *See* 28 U.S.C. § 2255(h). Upon transfer, Ms. Clark should therefore strongly consider filing an amended motion that contains any and all claims under § 2255 that she believes might be available to her. Should Ms. Clark *not* wish to proceed under § 2255, she may voluntarily dismiss this petition during the objection period to this Recommendation or otherwise indicate that she opposes transfer of this motion for further consideration under § 2255. *See Castro v. United States*, 540 U.S. 375, 383 (2003).

## RECOMMENDATION

Based on the foregoing, and on al of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be TRANSFERRED to the United States District Court for the Southern District of Georgia.

Date:  March 20, 2019 *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).